McPhee vs. McDermott.

McPhee, . Respondent, vs. McDermott, imp., Appellant.

*April 30 — May 20, 1890.*

*Contracts: Evidence.*

1. In an action for a balance due for cutting and delivering logs under a contract signed by but one of the two defendants, the evidence (showing, among other things, that the plaintiff's written bid for doing the work had been accepted by both defendants, and that the one who did not sign the formal contract had directed his codefendant to execute it on his behalf, and held himself liable to plaintiff for whatever might become due thereon) is *held* to justify the refusal of a nonsuit as to the defendant who did not sign.

2. Evidence as to the work done under the written bid, and the bid itself and its acceptance, were admissible.

3. Evidence that the plaintiff had issued time-checks on the defendant who did not sign the contract, but who paid all such checks, was competent.

4. Evidence of a parol statement as to an account is *held* not to have prejudiced a defendant who afterwards introduced in evidence the account itself, which was substantially as stated.

5. Where a complaint contains two counts or causes of action, an objection to the admission of any evidence under the second cause of action should be made when such evidence is offered.

APPEAL from the Circuit Court for *Ashland* County. The complaint alleges that the defendants are indebted to the plaintiff in the sum of $414.70, being the balance due upon an express contract for work, labor, etc., and for logs, timber, and lumber sold and delivered and cut, hauled, and logged for and unto them. For a further cause of action it alleges that the defendant *McDermott* accepted a written

order for the payment to the plaintiff of said indebtedness, drawn upon him by the defendant Sullivan.

The answer admits that the plaintiff performed work and services for the defendant Sullivan in cutting and hauling logs, but denies that said work or any other work was done for the defendant *McDermott*. It alleges further that the defendant Sullivan had paid the plaintiff in full, and that nothing was due to the plaintiff from *McDermott* under the order and acceptance set forth in the complaint:

There was a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant *McDermott* appeals.

For the appellant there was a brief by *Mead & Dixon*, and oral argument by *A. E. Dixon*. They contended, *inter alia*, that the trial court erred in allowing the witness Maxim to state, against the defendant's objection, who were the parties to a written contract. It had been shown that the logs put in by the plaintiff were to be used in filling a bill for Gardiner & Co., for whom the witness Maxim was acting as agent. The plaintiff then sought to show that Gardiner & Co. had a written contract with the defendants jointly for certain timber, and that the timber put in by the plaintiff was to fill that contract, leaving it to be inferred therefrom that the contract of the plaintiff must have been a joint one with both defendants.

For the respondent there was a brief by *Cole & O'Keefe*, attorneys, and *Richard Sleight*, of counsel, and oral argument by *Rublee A. Cole*.

TAYLOR, J. This action was brought against the defendants to recover a balance due the plaintiff for cutting and delivering to them logs and timber. The plaintiff obtained a judgment in the circuit court, and from this judgment the defendant *McDermott* appeals to this court. Sullivan does not appeal.

The contest upon the trial was not as to the amount alleged to be due the plaintiff upon his contract, but the defendant *McDermott* insisted that he was not a party to the contract, and that he made no contract, either with the plaintiff separately, or jointly with Sullivan. The plaintiff claimed his contract was with Sullivan and *McDermott* jointly, and that both were liable to him thereon. At the close of the plaintiff's evidence a motion for a nonsuit was made in the following language: " The defendant moves for a nonsuit." Motion overruled, and defendant excepted. There is no pretense but that there was sufficient evidence to sustain plaintiff's action as against the defendant Sullivan, and it is claimed by the learned counsel for the respondent that the motion was properly overruled for that reason, even if there was no evidence in the case sufficient to fix any liability on the defendant *McDermott.* We shall not determine whether the defendant *McDermott* can avail himself of the motion for a nonsuit made in that form, since, after a careful reading of the record, we think there was sufficient evidence given on the part of the plaintiff to carry the question of the joint liability of the defendant *McDermott* to the jury. Without making any extended statement of the evidence bearing upon that point, we will simply quote a part of the testimony of the defendant Sullivan on his examination as a witness for the plaintiff. Question. " State whether there was any reason given by *McDermott,* at the time you made this contract, why he did not sign it." Answer. " Not in particular. He said: ' Go in and make the contract, and we would log it together, and put in together.' "

The evidence showed that the plaintiff's proposition in regard to putting in the logs had been accepted by both the defendants, and that a few days afterwards a more formal contract was made, and signed by the plaintiff and Sullivan only. In regard to that matter Sullvan testified: " There was nothing particular said between us before the contract

was made about the names of the parties that should be in the contract, and nothing in particular afterwards, after the contract was made. *McDermott* said to get the contract signed,— for me to sign his signature on the contract. I will swear positively that the contract was to be between each other. That was understood at the time this tender came in, in *McDermott's* office. We three were there together, and arrived at an understanding at that time, on the 12th of June. It was at the time *McPhee* brought the tender when we three had the talk and agreed upon it. Two or three days after, we made another contract to take the place of this one." This second contract was not signed by the defendant *McDermott*. There is other testimony in the record which directly tends to show that *McDermott* was interested in the contract, and that he held himself liable to the plaintiff to pay him whatever should become due to him in the execution thereof on his part.

It is evident that the learned circuit judge did not err in refusing to nonsuit the plaintiff as to the defendant *McDermott*. There were no exceptions taken to the instructions of the court to the jury, and it is only necessary to consider the exceptions taken on the trial to the evidence offered by the plaintiff, and the exception to the ruling of the court on the objection of the defendant to the introduction of any evidence under the second cause of action stated in the complaint. This objection was made before any evidence was offered in the case. We do not deem it necessary to consider whether the statement of facts in the second cause of action is sufficient or not — *first*, because there was no exception taken to the evidence offered, if there was any such in fact offered, when it was so offered on the trial; and, *second*, because there is sufficient evidence in the case to sustain the verdict and the judgment upon the first cause of action stated. If there was no evidence to sustain the second cause of action, it is to be presumed that the court so instructed the jury.

The *second* objection was to the question put to the plaint-
iff: "Whom did you issue the time-checks on?" The an-
swer to this was that they were issued on the defendant
*McDermott*. We see no objection to the question or an-
swer. It was clearly competent evidence, as tending to
show that the plaintiff considered *McDermott* as the proper
person to pay such checks, and all the evidence in the case
shows that *McDermott* did in fact pay all the time-checks
issued.

The *third* objection is of no consequence, as the plaintiff
did not seek to recover on that contract between Sullivan
and Gardiner & Co., and, as the witness himself stated dur-
ing his examination that the contract was not in fact signed
by *McDermott*, no damage was done by his first statement
that it was so signed. His testimony corrected itself.

*Fourth.* The defendant objected to the statement of Sul-
livan, as a witness for the plaintiff, as to what Maxim had
stated to him in regard to what was due Sullivan on his
contract with Gardiner & Co. This evidence was only a
parol statement of the account between Sullivan and Gar-
diner & Co., and that account was offered in evidence in
the case by the defendant *McDermott* himself, and is sub-
stantially as stated by Sullivan. We fail to see how that
evidence could prejudice the defendant *McDermott* in this
action.

*Fifth.* The defendant moved to strike out the evidence
of the plaintiff in regard to the work done under the writ-
ten bid. It is objected that this evidence was inadmissible
because the evidence shows that a few days after the writ-
ten bid for the work, and the joint acceptance of the same
by both defendants, another contract, setting out more par-
ticularly the terms of the contract, was only signed by Sul-
livan; but the contention of the plaintiff was, and there
was evidence in the case showing, that, notwithstanding
this second written contract, the agreement was that both

defendants should be liable to the plaintiff on such second contract. In this view of the case, the evidence was clearly admissible. The objection to the introduction of the written bid and acceptance by both defendants was properly overruled for the same reason. It was evidence tending to show that the contention of the plaintiff was according to the facts of the case.

As there was sufficient evidence to sustain the verdict, the refusal of the trial court to grant a new trial on the merits is conclusive upon this court on appeal.

*By the Court.*— The judgment of the circuit court is affirmed.